OTTO L. PUTH, PLAINTIFF-APPELLANT, v. HANS BOEHM, DEFENDANT-RESPONDENT.

Submitted October 3, 1944—Decided November 30, 1944.

Before Justices PARKER and COLIE.

For the appellant, *Joseph J. Durna* (*Irving L. Hodes*, of counsel).

For the respondent, *Goldhor & Friedman* (*Samuel B. Friedman*, of counsel).

The opinion of the court was delivered by

COLIE, J.   Otto L. Puth sued to recover damages from Hans Boehm when the former's car, which was parked on the west side of Myrtle Avenue, in Irvington, heading south, was struck by Boehm's car.   The right front of the Boehm car struck the left rear of the Puth car.   Boehm counter-claimed for the damages to his car.   At the trial of the case before the District Court Judge sitting without a jury, the court entered a judgment in favor of Boehm in the suit brought by Puth and entered a judgment in favor of Boehm and against Puth on the counter-claim.

The state of case made up by the trial judge discloses that the accident happened about 10:45 at night when it was dark and raining heavily; that the Puth car was without lights; that the defendant was driving south with his headlights on, at a distance of about ten feet from his righthand curb; that he did not see the parked automobile until he struck it.   The state of case further shows that a rule to show cause was granted to the plaintiff, Puth, why the judgment should not be set aside on the ground that it was against the weight of the evidence.   After argument, the rule was discharged. The specification of determinations all go to the question of the negligence of the plaintiff and the contributory negligence of the defendant.   None of these points may be raised in this court in view of the fact that each and every one of them was argued on the rule to show cause, and that fact operates as a bar to their consideration on appeal.   *Koczan* v. *Hamilton Laundry Service,* 124 *N. J. L.* 52.   Furthermore, it is settled that in the absence of anything in the record to the contrary, a fact found by the District Court is presumed to rest upon competent proof, and the appellate court will assume a finding of fact that will support the judgment. *Steinmeyer* v. *Phenix Cheese Co.,* 91 *N. J. L.* 351.

The judgment under appeal is affirmed, with costs.